IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KEVIN MILLEN, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2070-Ml/An |
| WENDY'S RESTAURANT, | X | |
| Defendant. | X | |

ORDER DENYING MOTION FOR RECONSIDERATION
AND
SECOND ORDER DIRECTING PLAINTIFF TO PAY THE CIVIL FILING FEE

Plaintiff Kevin Millen filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on January 27, 2005, along with a motion seeking leave to proceed in forma pauperis. As the Plaintiff's motion to proceed in forma pauperis contained no information concerning his monthly income, assets, and financial obligations, the Court issued an order on April 22, 2005, denying leave to proceed in forma pauperis and directing the Plaintiff to pay the $150 civil filing fee within thirty days. Plaintiff submitted a document, entitled "Motion to have In Forma Pauperis Status Granted," which the Court construes as a motion for reconsideration, on April 28, 2005.

In his motion for reconsideration, Plaintiff asserts that he left every entry in the in forma pauperis affidavit blank because "[t]his entails I have nothing." As a preliminary matter,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-16-05

Plaintiff's motion for reconsideration was not sworn to under penalty of perjury, as required by 28 U.S.C. § 1915(a)(1), and, therefore, it cannot be considered to be substantive evidence of the Plaintiff's financial condition. Flippin v. Massey, 86 Fed. Appx. 896 (6th Cir. Jan. 29, 2004).

The Court has, sua sponte, considered whether the blanks in the Plaintiff's original affidavit can be deemed to be affirmative representations that the Plaintiff has no income, assets, or expenses. Although such a construction would perhaps be possible under some circumstances, in this case the Plaintiff is not homeless and he has a telephone. The Plaintiff's two submissions contain no information concerning the manner in which the Plaintiff obtains his shelter, telephone, food, clothing, medical care, and other necessities. In the absence of any affirmative representations about the Plaintiff's financial condition, the Plaintiff has not satisfied his obligations to demonstrate that he is unable to pay the civil filing fee or to provide security therefor. Accordingly, the motion for reconsideration is DENIED. The Plaintiff is ORDERED to pay the civil filing fee within thirty (30) days from the date of entry of this order.

IT IS SO ORDERED this __12__ day of May, 2005.

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02070 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

Kevin Millen
4104 Stillwood Dr.
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT