IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 JUL 19 PM 3:44
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| KEVIN MILLEN,<br><br>    Plaintiff,<br><br>vs.<br><br>WENDY'S RESTAURANT,<br><br>    Defendant. | No. 05-2070-Ml/An |

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
AND
FINAL ORDER DIRECTING PLAINTIFF TO PAY THE CIVIL FILING FEE

Plaintiff Kevin Millen filed a <u>pro se</u> complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on January 27, 2005, along with a motion seeking leave to proceed <u>in forma pauperis</u>. As the Plaintiff's motion to proceed <u>in forma pauperis</u> contained no information concerning his monthly income, assets, and financial obligations, the Court issued an order on April 22, 2005, denying leave to proceed <u>in forma pauperis</u> and directing the Plaintiff to pay the $150 civil filing fee within thirty days.

On April 28, 2005, Plaintiff submitted a document, entitled "Motion to have In Forma Pauperis Status Granted," which the Court construed as a motion for reconsideration and, as so construed, denied in an order issued on May 13, 2005, for the following reasons:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-20-05

> In his motion for reconsideration, Plaintiff asserts that he left every entry in the <u>in forma pauperis</u> affidavit blank because "[t]his entails I have nothing." As a preliminary matter, Plaintiff's motion for reconsideration was not sworn to under penalty of perjury, as required by 28 U.S.C. § 1915(a)(1), and, therefore, it cannot be considered to be substantive evidence of the Plaintiff's financial condition. <u>Flippin v. Massey</u>, 88 Fed. Appx. 896 (6th Cir. Jan. 29, 2004).
>
> The Court has, <u>sua sponte</u>, considered whether the blanks in the Plaintiff's original affidavit can be deemed to be affirmative representations that the Plaintiff has no income, assets, or expenses. Although such a construction would perhaps be possible under some circumstances, in this case the Plaintiff is not homeless and he has a telephone. The Plaintiff's two submissions contain no information concerning the manner in which the Plaintiff obtains his shelter, telephone, food, clothing, medical care, and other necessities. In the absence of any affirmative representations about the Plaintiff's financial condition, the Plaintiff has not satisfied his obligations to demonstrate that he is unable to pay the civil filing fee or to provide security therefor. Accordingly, the motion for reconsideration is DENIED. The Plaintiff is ORDERED to pay the civil filing fee within thirty (30) days from the date of entry of this order.

05/13/05 Order at 1-2.

On May 24, 2005, Plaintiff filed another motion, entitled "Order Asking for Leave to Use In Forma Pauperis And Order Directing Defendants to Pay Monetary funds [sic] Owed to Plaintiff," which the Court construes as a second motion seeking reconsideration of the decision denying leave to proceed <u>in forma pauperis</u>. Nothing in the Plaintiff's most recent motion provides any basis for reconsidering the Court's previous orders. In particular, the most recent motion contains no financial information demonstrating that the Plaintiff is unable to pay the civil filing fee or give security therefor, as required by 28

U.S.C. § 1914. The other factors cited by the Plaintiff, such as the time and effort he is willing to put into the case and the uses to which he would put any funds received in the event he prevails on the merits, are not relevant to the question of whether the Plaintiff is entitled to proceed in forma pauperis.

Accordingly, the Court DENIES the Plaintiff's latest motion for reconsideration. This decision is final. If the civil filing fee is not paid by August 5, 2005, this action will be dismissed, without prejudice, for failure to prosecute.

IT IS SO ORDERED this ___19___ day of July, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02070 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

Kevin Millen
4104 Stillwood Dr.
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT